IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANA SCHWARTZ, *on behalf of*
*herself and all others similarly situated*,

        Plaintiff,

vs.          No. 1:18-cv-00328-KWR-SCY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

and

FREEMAN J. PALMER, and
CHELSEA PALMER, *on behalf of*
*themselves and all others similarly situated*,

        Plaintiffs,

vs.          No. 1:19-cv-00301-KWR-SCY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon cross motions to stay and appoint interim class counsel in two separate but related class actions. In *Schwartz v. State Farm*, 1:18-cv-328 KWR-SCY, Plaintiff Schwartz filed the following:

- a Motion to Appoint Co-Class Counsel Pursuant to Fed. R. Civ. P. 23(g)(2) (**Doc. 80**); and

- a Motion to Stay *Palmer v. State Farm,* No. 1:19-cv-00301 KWR/SCY Because it is Duplicative of the Instant Case **(Doc. 86)**.

In *Palmer et al. v. State Farm et. al.,* 1:19-cv-301 KWR-SCY, the Palmer Plaintiffs filed:

- a Motion to Stay *Schwartz v. State Farm*, 18-cv-328 KWR-SCY **(Doc. 61)**; and
- a Motion to Appoint Co-class Counsel Pursuant to Fed. R. Civ. P. 23(a)(4) and (g)(1)-(4) **(Doc. 62)**.

The *Schwartz* and *Palmer* Plaintiffs filed cross-motions asserting that the other competing class action should be stayed as duplicative. Plaintiff Schwartz asserts that *Palmer* should be stayed, while the Palmer Plaintiffs assert that *Schwartz* should be stayed. The State Farm Defendants assert that one of the cases should be stayed or this matter consolidated. For the reasons stated below, the Court will **DENY** the motions to stay and motions to appoint class counsel.

This matter is before the Court on two competing and related class actions filed against the same insurer. These class actions arise out of a dispute over "underinsured motorist coverage." NMSA § 66-5-301 ("'underinsured motorist' means an operator of a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage."). Plaintiffs allege that Defendants misrepresented or failed to adequately explain to them and similarly situated class members the extent of "underinsured motorist" coverage when purchased at the minimum level of $25,000. The putative classes and the claims in the two cases are substantially similar.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945

(1997). "Allowing the same issue to be decided more than once wastes litigants' resources and adjudicators' time." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 140, 135 S. Ct. 1293, 191 L. Ed. 2d 222 (2015); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ("[a]s between federal district courts, . . . the general principle is to avoid duplicative litigation"). Thus, it is a "well established policy that a court may, in its discretion, defer or abate proceedings where another suit, involving the identical issues, is pending . . . and it would be duplicative, uneconomical, and vexatious to proceed." *Blinder, Robinson & Co. v. SEC*, 692 F.2d 102, 106 (10th Cir. 1982).

However, courts are cautioned that the power to stay must not to be exercised lightly, considering a party's "right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). In exercising such discretion, courts weigh various factors, including (1) the interests of judicial economy, (2) hardship or inequity if the movant is required to go forward, (3) harm to the non-movant in the issuance of a stay, (4) and the public interests at stake. *See United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis, et al. v. North American Co.*, 299 U.S. 248, 254, 57, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

As to the first factor, judicial economy may not necessarily be furthered if one case is stayed.  Currently, the cases are in the same procedural posture because of a prior stay, are in the same discovery stage, and are before the same presiding and referral judges.  If the Court were to stay one case, a resolution in one case may not necessarily resolve the other.  In other words, the

Court may have to lift a stay at some point, in which case these cases will not be on the same track. Therefore, staying one case does not necessarily further judicial economy.

As to the second and third factors, the Court looks to the harm faced by the parties in granting or denying a stay. Plaintiffs seek to stay a case to which they are not parties. Neither party has cited to cases where parties have done this.

The putative class or putative class representatives are generally not in danger of harm either way if a class is certified in one of the cases. A stay does not benefit the putative class. As explained below, the parties ask the Court to predict which case will be more successful at the class certification stage. If the Court were to predict incorrectly, the putative class could be harmed.

Plaintiffs' attorneys face the principal harm in this case. They clearly do not want to spend litigation resources if they will ultimately not be appointed as class counsel. Although the Court is sympathetic, the Court does not believe that a stay (rather than consolidation) is the appropriate resolution to this problem.

Defendants may suffer harm by having to defend two simultaneous cases. However, the cases are at the same procedural posture, before the same presiding and referral judges, and on the same discovery track. Therefore, Defendants' burden has been lessened. Defendants may face a greater burden if the Court were forced to stay one case, then lift the stay.

Plaintiff Schwartz asserts that the first to file rule counsels in favor of staying the later filed *Palmer* case. However, the first to file rule does not appear to apply here. The Tenth Circuit has applied the first to file rule in instances where cases are filed in two separate federal district courts. *Wakaya Perfection, Ltd. Liab. Co. v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018). Here, the cases are in the same district court before the same presiding and referral judges.

The *Schwartz* case was filed one year before the *Palmer* case. However, the Court notes that Palmers' counsel pursued these legal theories in other earlier cases, and their legal theories and success in *Bhasker* spawned a series of other class actions against other insurers, including *Schwartz*. Palmers' counsel also obtained success in a certified question before the New Mexico Supreme Court in *Crutcher v. Liberty Mutual Ins. Co.,* 1:18-cv-412 JCH (D.N.M), which guided the Court's ruling in *Schwartz* and *Palmer*. Therefore, it is not obvious that the earlier filed *Schwartz* case should proceed.

Although their case was later filed, the Palmer Plaintiffs assert they have the superior class action, because (1) their class definitions are broader and more accurate and (2) they assert claims against additional State Farm entities under a joint venture theory. Plaintiff Schwartz disagrees that the *Palmer* case is superior. The parties essentially ask the Court to predict which case will have a greater chance of success at class certification or on the merits. The Court cannot make such a prediction.

In sum, the Court is asked to decide which class action has the greatest chance of success at class certification, without any class certification briefing before it. Moreover, the Court does not wish to substantially delay one of these cases further. The Court concludes that the motions to stay are not well taken.

Similarly, the Plaintiffs ask that the Court decide competing motions to appoint class counsel in order to edge out the competing counsel. Generally, the Court rules on appointment of class counsel at the class certification stage, but may appoint interim class counsel. Fed. R Civ. P. 23(g)(3). As Defendants argue, motions to appoint interim class counsel are generally accompanied by a motion to consolidate. The parties did not file a consolidation motion. Because the cases are not consolidated and neither case is stayed, it would be premature to appoint interim

5

class counsel at this time.  For similar reasons as stated above, the Court declines to appoint interim class counsel at this time.

The parties should consider whether consolidation would be the most equitable solution. If this matter is consolidated, it may be appropriate to rule on renewed motions to appoint counsel. *See, e.g., Kramer v. Alterra Mountain Co.*, No. 20-CV-01057-RM-SKC, 2020 WL 4429386, at *2 (D. Colo. July 31, 2020) (following consolidation, appointing as interim co-counsel firms which were first and second to file class actions).

The motions to stay and motions to appoint class counsel in both cases are **DENIED.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**KEA W. RIGGS**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**