## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANA SCHWARTZ, *on behalf of*
*herself and all others similarly situated,*

      Plaintiff,

      vs.                                   No.   1:18-cv-00328-KWR-SCY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

Consolidated with:

FREEMAN J. PALMER, and
CHELSEA PALMER, *on behalf of*
*themselves and all others similarly situated,*

      Plaintiffs,

      vs.                                   No.   1:19-cv-00301-KWR-SCY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*

      Defendants.

### ORDER ON INTERIM APPOINTMENT OF CLASS CO-COUNSEL

**THIS MATTER** comes before the Court upon competing motions to appoint interim class

counsel in this consolidated class action.  The plaintiffs filed competing putative class actions

against the same insurer, asserting substantially similar claims.  Each plaintiff seeks the interim

appointment of their counsel as class counsel to the exclusion of the other plaintiff's counsel.

Defendant does not object to the interim appointment of class counsel, or take a position on which

group of counsel should be appointed.  Plaintiff Schwartz is represented by the Dominguez Law Firm, Pizzonia Law, LLC, and the Law Office of Ryan J. Villa.  The *Palmer* Plaintiffs are represented by Bhasker Law, Corbin Hildebrandt, P.C. and the Law offices of Geoffrey R. Romero.

Plaintiff Schwartz filed the following motion:

- a Motion to Appoint Co-Class Counsel Pursuant to Fed. R. Civ. P. 23(a)(4) and (g)(1)-(4) **(Doc. 105).**

The *Palmer* Plaintiffs filed:

- a Motion to Appoint Co-class Counsel Pursuant to Fed. R. Civ. P. 23(a)(4) and (g)(1)-(4) **(Doc. 104)**.

For the reasons stated below, the Court will grant Plaintiff Schwartz's motion **(Doc. 105)** and appoint Schwartz's counsel (Dominguez Law Firm, Pizzonia Law, LLC, and the Law Office of Ryan J. Villa) as interim class co-counsel.

Rule 23(g) of the Federal Rules of Civil Procedure governs the appointment of class counsel. Relevant here, the Rule provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[W]here various law firms represents members of overlapping proposed classes, the appointment of interim counsel may be helpful in clarifying responsibility for protecting the interests of the case during precertification issues, such as making and responding to motions, conducting necessary discovery, moving for class certification, and negotiating settlement." *In re Frontier Airlines Litig.*, 2020 WL 9258441  (D. Colo. 2020) *citing* Federal Justice Center, Manual for Complex Litigation §211.11 (4th ed. 2004)).

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *Dorn v. Mueller*, No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1 (D. Colo. May 28, 2010). These factors include: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

"If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Further, "[w]here consideration of other relevant factors does not tilt heavily in either direction and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint." *Easton v. Bailey*, 2013 WL 12323847, at *2 (C.D. Cal. Jan. 4, 2013); *Kramer v. Alterra Mountain Co.*, 2020 WL 4429386, at *2 (D. Colo. July 31, 2020) (appointing BF as interim co-lead based in large part on their first-filed status); *White v. Med. Rev. Inst. of Am., LLC*, No. 2:22CV00082-DAK-DAO, 2022 WL 2905665, at *2 (D. Utah July 22, 2022) (considering first to file); *In re Frontier Airlines Litig.*, No. 20-CV-01153-PAB-KLM, 2020 WL 9258441, at *2 (D. Colo. Dec. 16, 2020) (considering first to file).

Both sets of counsel clearly satisfy (g)(1)(A)(1)-(4) and would serve the class well. However, the *Schwartz* Plaintiff was the first to file this case against the State Farm Defendants. The *Palmer* Plaintiffs filed their case approximately one year after the *Schwartz* Plaintiff, after the

3

*Schwartz* Plaintiff was already successful on one round of dispositive motions and fully briefed another round of dispositive motions. The *Palmer* Plaintiffs assert that their counsel developed the legal theory used in this consolidated action in a separate class action against different insurers. Although the *Palmer* counsel began their theory in *Bhasker* and have filed several putative class actions against insurers, the *Schwartz* case was the second overall class action, and the *Schwartz* counsel have prevailed in multiple rounds of dispositive motions. The Court finds that the appointment of the Schwartz team best represents the interests of the putative class in this consolidated action.

The *Palmer* plaintiffs suggest that their putative class definition is broader or superior. However, these cases have been consolidated. It is unclear why this consolidated case could not proceed on the broader class language in *Palmer*.

Therefore, Plaintiff Schwartz's motion to appoint interim counsel (**Doc. 105**) is **GRANTED** and the Schwartz co-counsel (including the Dominguez Law Firm, Pizzonia Law, LLC, and the Law Office of Ryan J. Villa) are appointed as interim co-class counsel of these consolidated cases. The Palmer Plaintiffs' motion to appoint interim counsel (**Doc. 104**) is **DENIED.**

   **IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**