IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANA SCHWARTZ, *on behalf of*
*herself and all others similarly situated,*

    Plaintiff,

vs.                                                                                                              No. 1:18-cv-00328-KWR-SCY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Consolidated with:

FREEMAN J. PALMER, and
CHELSEA PALMER, *on behalf of*
*themselves and all others similarly situated,*

    Plaintiffs,

vs.                                                                                                              No. 1:19-cv-00301-KWR-SCY

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *et al.*

    Defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO STAY

**THIS MATTER** comes before the Court upon Defendants' Motion to Stay this Consolidated Action (**Doc. 112**). Having reviewed the parties' pleadings and the applicable law, the Court finds that that Defendants' Motion to Stay is **WELL-TAKEN** and, therefore, is **GRANTED.** The Court will stay this action until the New Mexico Supreme Court decides the certified question in *Smith v. Interinsurance Exchange of the Automobile Club,* No. S-1-SC-39659*,* which may be determinative of key issues in this case.

This putative class action arises out of a dispute over "underinsured motorist coverage" in an automobile policy. NMSA § 66-5-301 ("underinsured motorist means an operator of a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage.").

United States District Judge Judith Herrera certified in *Crutcher v. Liberty Mut. Ins. Co. et al.*, 1:18-cv-412 (JCH/KBM), and the New Mexico Supreme Court accepted, the following question:

> Under N.M. Stat. Ann. § 66-5-301, is underinsured motorist coverage on a policy that offers only minimum UM/UIM limits of $25,000 per person/$50,000 per accident illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor because of the offset recognized in *Schmick v. State Farm Mutual Automobile Insurance Company*, and, if so, may insurers charge a premium for that non-accessible underinsured motorist coverage?

This Court previously issued a stay in this case pending a decision on that question certified in *Crutcher*. On October 4, 2021, the New Mexico Supreme Court issued its opinion, concluding that

> hereafter, the insurer shall bear the burden of disclosure to the policyholder that a purchase of the statutory minimum of UM/UIM insurance may come with the counterintuitive exclusion of UIM insurance if the insured is in an accident with a tortfeasor who carries minimum liability insurance….
>
> …UM/UIM coverage at the minimum level is permitted because the law not only allows, but requires, it to be sold as was done so here. However, such coverage is illusory because it is misleading to the average policyholder. As such we will now require every insurer to adequately disclose the limitations of minimum limits UM/UIM policies in the form of an exclusion in its insurance policy. If the insurer provides adequate disclosure, it may lawfully charge a premium for such coverage.

*Crutcher v. Liberty Mutual Ins. Co.*, 2022-NMSC-001, ¶¶ 32-33, 501 P.3d 433 (emphasis added). In several cases similar to this one, defendant insurers raised the legal question of whether *Crutcher* applies prospectively or retroactively, as they have in this case.

2

In another putative class action involving similar claims against another insurer, *Smith v. Interinsurance Exchange of the Automobile Club*, 1:22-cv-447 (WJ/KK), Chief United States District Judge William Johnson certified, and the New Mexico Supreme Court accepted, the following question:

> Whether *Crutcher v. Liberty Mut. Ins. Co*, 2022-NMSC-001, 501 P.3d 433, applies prospectively or retroactively?

On January 10, 2023, the New Mexico Supreme Court issued an order accepting the certified question. *See* Order, *Smith v. Interinsurance Exch. of the Auto. Club*, No. S-1-SC-39659 (N.M. Jan 10, 2023).

Defendants request the Court stay this case pending the New Mexico Supreme Court's answer to the certified question. Similar stays have been issued in other putative class actions involving similar issues, including *Crutcher v. Liberty Mut. Ins. Co., et al*., 1:18-cv-00412-JCH – KBM (D.N.M.); *Smith v. Interinsurance Exchange of the Automobile Club*, No. 1:22-CV-00447-WJ, 2022 WL 17093456 (D.N.M. Nov. 21, 2022); and *Soleil v. Property and Casualty Ins. Co. of Hartford*, No. Civ. 1:22-cv-396-WJ-LF, Order Staying Proceedings 1 (ECF No. 28) (D.N.M. Feb. 7, 2023).

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, the court "must weigh competing interests and maintain an even balance." *Id.* at 254-55. The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. Because a party's "right to proceed in court should not be denied except under the most extreme circumstances," the movant for a stay must make a strong showing that the remedy is necessary and clearly outweighs the disadvantageous effect on the

nonmovant. *Commodity Futures Trading Com'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

An answer from the New Mexico Supreme Court on the retroactivity issue will help resolve a key issue in this case and numerous other similar cases in this district. Staying this case pending a decision by the New Mexico Supreme Court will promote uniformity in addition to comity. Although the Court previously issued a decision regarding retroactivity in this case, the New Mexico Supreme Court could disagree with that decision.

Plaintiffs assert that an answer will not be dispositive of all claims in this case. Plaintiffs appear to argue that their misrepresentation claims can proceed even without a non-disclosure theory of liability. It is not clear that the failure to explain the *Schmick* offset rule (*i.e*. non-disclosure) can be disentangled entirely from Plaintiffs' misrepresentation claim. *See* Doc 78 at 2 ("Plaintiff generally alleges that Defendant misrepresented the nature of underinsured motorist coverage she purchased, causing her to reasonably expect that the purchased coverage would compensate her for damages that were greater than the limits of the tortfeasor's liability limits. Plaintiff claims that Defendant did not inform her of the limited nature of underinsured motorist coverage when purchased at the minimum level."). Moreover, there is no requirement that a certified question be dispositive of a case entirely, and the Court otherwise finds that the answer will be determinative of a key issue raised in this case and is essential to determining the scope of discovery and the certified class.

Moreover, a decision in *Smith* may help guide the scope of discovery, including the collection of class-wide certification discovery. If the New Mexico Supreme Court rules that there were no pre-*Crutcher* disclosure obligations, but that insurers may be liable only for pre-*Crutcher* affirmative misrepresentations, the *Smith* ruling may affect class discovery and class certification

decisions.  The Court will therefore stay discovery and resolution of the pending motions until it receives guidance from the New Mexico Supreme Court on the certified question in *Smith*.  *Cf. Soleil v. Property and Casualty Ins. Co. of Hartford*, No. Civ. 1:22-cv-396-WJ-LF, Order Staying Proceedings 1 (ECF No. 28) (D.N.M. Feb. 7, 2023) ("Ms. Soleil's insurance policy was issued pre-*Crutcher* and her claims against Defendant are similar to those raised by the plaintiff in *Crutcher*; thus, whether *Crutcher* applies prospectively or retroactively may be determinative of a key issue in this case—if not dispositive of Ms. Soleil's entire action. Currently, Defendant Property and Casualty Insurance Company of Hartford has two motions pending: a motion to dismiss and a motion to certify. **Docs. 14, 15.** Accordingly, the Court finds it appropriate to refrain from ruling on these motions and **STAY** proceedings pending the New Mexico Supreme Court's answer to the certified question.").  The Court agrees with the quoted language in *Soleil*, and finds that reasoning applies here.

Of course, justice requires timely resolution of cases.  Here, this case was filed in 2018 and this will be the second stay entered in this case pending an answer by the New Mexico Supreme Court on a certified question.  However, weighing the competing interests as explained above, the Court finds that a stay is still appropriate.  As noted above, an answer to the certified question will likely shape discovery in this case and the issues upon class certification, and may be dispositive of essential issues in this case.  The Court finds that any prejudice to Plaintiffs is outweighed by other interests.

Finally, the Court denies without prejudice Plaintiffs' Motion for Leave to File Amended Complaint Consolidating Claims (**Doc. 119**).  Plaintiffs may file a new motion to amend complaint, following the decision in *Smith*, if still appropriate.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay **(Doc. 112)** is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the New Mexico Supreme Court's answer to Chief Judge Johnson's certified question.  After the New Mexico Supreme Court answers the certified question, the parties shall file a status report with the Court, which will prompt the Court to lift the stay.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Leave to file Amended Complaint (**Doc. 119)** is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**